[File No. 6331.]

BOWMAN COUNTY, a Political Subdivision of the State of North Dakota, Appellant, v. BOARD OF COUNTY COMMISSIONERS OF BOWMAN COUNTY, NORTH DAKOTA, and Jens Jensen, Respondents.

(262 N. W. 185.)

Opinion filed August 16, 1935.

*Mark H. Amundson,* State's Attorney, and *Theodore B. Torkelson,* for appellant.

*W. A. Flemming,* for respondents.

BURKE, Ch. J.   On October 14, 1933 the county commissioners of Bowman county had before it for consideration a petition for the build-

ing of two bridges and one cattle pass. The record of said county commissioners on said date shows the following proceedings, namely:

"OCTOBER 14, 1933.

Pursuant to adjournment the Board met October 14th, 1933 at 9 o'clock A. M. All members present.

At 10 o'clock the bids for cattle pass and bridges were opened and the following submitted:

*Rue Brothers*

| | |
|---|---|
| Cattle Pass | $ 899.00 |
| 16 ft steel concrete bridge | 799.00 |
| 20 ft steel concrete bridge | 999.00 |
| | $2697.00 |

*Jens Jensen*

| | |
|---|---|
| On both bridges & cattle pass | 1569.00 |
| hog wire instead of deformed rods | 1361.00 |

*Al A. Herberg*

| | |
|---|---|
| On both bridges & cattle pass | 1771.00 |
| If county furnishes rods subtract | 150.00 |

"Motion made by Berquist and seconded by Reimer to accept Jens Jensen's bid with deformed bars."

Thereafter, the state's attorney, upon the written demand of nine tax payers of the said county, took an appeal from the action of the said county commissioners, as provided in § 3298, Compiled Laws 1913. After a hearing in the district court the trial judge made findings of fact and conclusions of law favorable to the defendants, upon which judgment was entered dismissing the appeal, from which judgment the plaintiff duly appeals.

Appellant claims that the act of the board of county commissioners, in awarding the contract for the building of a cattle pass, was void and beyond the jurisdiction of the county commissioners; that under § 2043, Compiled Laws 1913, the building of cattle passes over highways is under the supervision of township supervisors and must be built and maintained at the expense of the person applying therefor.

The trial court found as a fact that the county commissioners accept-

ed the bid to build two certain bridges and one cattle pass for the sum of $1361.00 authorizing the construction of a cattle pass on the northeast quarter of section 16, township 131, north of range 103, west of the Fifth Principal Meridian in Bowman county.

While one structure was called a cattle pass, the court found as a fact "That from the nature of the place where the structure was built the same is a bridge." That the same was petitioned for as a bridge and that as a conclusion of law "the Defendants are entitled to a dismissal of the action."

In the memorandum opinion the court said: "After having heard the evidence, it is the opinion of the court that the structure herein involved was in fact a bridge. Taking into consideration the place in which it was built, that is so that it would carry off the water from this ravine, the only conclusion that the court can come to is that it was in fact a bridge. The mere fact that it was used to allow cattle to go from one side of the road to the other, and the further fact that it was designated as a cattle pass would not be controlling."

After carefully reviewing the record we are of the opinion that the findings and conclusions of the trial judge are sustained by the evidence.

The first witness for the plaintiff speaks of the structure as a culvert 4 feet and 4 inches wide, 7 feet high, 24 feet in width and the wings are 17 feet and 8 inches, and 8 inches thick. The wings are built all in one piece about 8 feet high and 17 feet and 8 inches on both sides of the bridge, on both the east and west side. The opening is 4x4x7. The top is arched. It is a little over the section line on land that had been bought for this highway. It appears from this witness's testimony that the place where this structure, called a cattle pass, was built is upon a highway that was purchased for the building of a road thereon and before the building of this structure, in wet weather it was necessary to drive around this piece on private property and while this witness called it a dry run, he also said: "I imagine when the water is up high that probably you couldn't get across there. It does come up fairly high."

The witness Enloe testified that at this particular place he had seen a stream of water from sixty to eighty feet wide and from six to seven feet deep. It is apparent from this record that this was a necessary

highway; that the land upon which the structure was built was purchased for the purpose of building a highway and that the structure built there is a bridge. It is usually referred to as a culvert in the testimony at least as often as it is called "a cattle pass"; but the dimensions of the structure, the material out of which it was built and the purpose of providing drainage for spring floods, proves that the structure is a bridge and there is nothing in this record to show that the county commissioners didn't have authority to build the structure.

The judgment of the trial court is affirmed.

CHRISTIANSON, MORRIS, NUESSLE and BURR, JJ., concur.